## Reutlinger et al. v. Reiss et al.

Nov. 3, 1944.

Lawrence S. Grauman and Norris McPherson for appellants.

David R. Castleman for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

In 1919, Dr. Fred Reiss organized the Union County Mining Company and conveyed to it certain coal lands for which he received $80,000 of mortgage bonds of the corporation. A similar amount was sold to others to produce capital for development. Financial difficulties having arisen in 1923, the Interstate Coal Company was organized and the property was conveyed to it, subject to the mortgage. New capital was supplied by Dennis H. Long and others who became preferred stockholders. Mr. Long ultimately put in around $160,000 in the venture. In 1934 the Interstate Coal Company became insolvent. Long was president and Reiss director and very active in the management. Following consideration of different methods to salvage the investment, a contract was entered into on November 22, 1934, between Reiss and Long, with the intention of protecting the investments and reorganizing the business. This contract provided that Reiss, who still owned $80,000 of the bonds, would cause the trustee to foreclose the lien and that he would buy in the property at the judicial sale for himself and other bondholders "who may co-operate with him." He agreed to convey the property to a new corporation to be organized and controlled by Long, on account of whose interest in the venture other bondholders had originally purchased their bonds, as is recited in the contract. The plan outlined in the contract was in part that the bondholders would accept 50 cents on the dollar and have their

liens subordinated to another upon which new capital would be secured. Other provisions are not material here. Reiss did buy the property for $12,000, subject to liens for wages and Workmen's Compensation amounting to about $27,000. He thus secured property said to be worth over $200,000 for $39,000. When the sale had been consummated Reiss repudiated his contract and expressed the purpose of "freezing out" other bondholders. He organized the Highland Creek Coal Company and conveyed the property to it. He owned all the stock except some qualifying shares.

This suit was instituted by Long on September 6, 1935, against Reiss and the Highland Creek Coal Company to enforce specific performance of the contract. In time, Long organized the Ohio River Coal Company for the purpose of accepting title to the property under the terms of the contract between himself and Reiss and that company intervened in the case. Ultimately the court found the contract to be too indefinite and uncertain to justify a judgment of specific performance, but expressed the opinion that perhaps Reiss's conduct may have impressed the property held by him with a trust in favor of other bondholders. He dismissed the intervening petition of the Ohio River Coal Company and directed the other parties to join issue on the question of a constructive trust. The case was later referred to the Master Commissioner. The judgment was rendered August 17, 1938. On appeal we affirmed the judgment against the Coal Company upon the grounds that as the company was not in existence when the contract was made it could have had only an incidental benefit and was not a party in interest; also that as Long did not appear to own any of the bonds and had not organized the company for two years afterward, he had forfeited his rights. We concurred in the view of the chancellor that the contract should not be specifically enforced for the reasons there given. Long v. Reiss, 290 Ky. 198, 160 S. W. 2d 668.

During the course of the case, Adolph Reutlinger, the owner of $3,000 of the bonds, had filed an intervening petition for himself and as representative of other bondholders similarly situated. The case had not been disposed of as to him. His rights in the matter and the rights of the Interstate Coal Company, which intervened after the case had been remanded, are the subject of this appeal.

After Reutlinger had intervened and some depositions had been taken, the Master Commissioner petitioned the court for advice with respect to the proceeding, its extent and direction. In August, 1939, the court rendered an opinion that since there were only about forty bondholders with probably material differences in their situations, Reutlinger could not represent them as a class. An order was entered having the effect of setting aside so much of the order which had permitted Reutlinger to represent other bondholders. Later the court directed the commissioner to send to each of the bondholders, whose names had been disclosed during the progress of the case, a prescribed notice of the pendency and nature of the suit and the court's view as to the possibility of the existence of a constructive trust in their behalf. They were further to be notified that they should elect before November 15, 1939, whether they would participate in the litigation and upon their failure to do so that they would be barred. Reiss and Reutlinger and their counsel were directed to furnish the addresses of the bondholders and give such other information as they might have to the commissioner with respect to bringing them before the court or notifying them of the proceeding. On July 5, 1940, the commissioner reported that the attorneys had done nothing, and "No one has complied with the order of August 3, 1939, and the bondholders are still not before the court." It does not appear in the record that any bondholder other than Reutlinger had received the notice. At any rate, none appeared in the case.

After the first judgment had been affirmed, the Interstate Coal Company, on June 15, 1942, asked to be permitted to file an intervening petition. No further step was ever taken by Reutlinger. Back in 1938, when the judgment as to Long and the Ohio River Coal Company was rendered, the court had sustained a demurrer to the second paragraph of the intervening petition and overruled it as to the first paragraph.

In October, 1942, Reiss and the Highland Coal Company moved the court to dismiss Reutlinger's intervening petition for want of prosecution and filed Dr. Reiss' affidavit in support thereof. The court expressed the opinion "that the prior proceedings herein, including action by the Court of Appeals, forecloses any right except those of 'co-operating bondholders.' 'Co-operating bondholders' have been offered their day in court and have

failed to take advantage of the offer.'' Judgment was thereupon entered dismissing Reutlinger's intervening petition and denying the Interstate Coal Company the right to intervene. They have prayed an appeal in this court.

We think the circuit court was in error in construing our opinion as foreclosing anyone other than the Ohio River Coal Company. While Long was an appellant, there had been no final judgment against him. Reutlinger was not a party to the appeal and his case had continued without being disposed of, and, as stated, the Interstate Coal Company did not come into the case until after the affirmance of the judgment. But we think it was proper to render the judgment dismissing all of them. More than four years had elapsed since the court had ruled that the parties could not have specific performance of the contract, but they could plead to an issue on the question of a constructive trust. None of the parties ever raised such an issue. Nor had the depositions ever been completed.

The Interstate Coal Company only asked that it be given ''the same equitable relief which the bondholders are allowed or such other relief to which they may be entitled.'' That company had been stript of its property by the foreclosure sale and had no interest in the controversy between the purchaser and its other creditors. In this transaction Dr. Reiss was acting for himself and, as it is claimed, the other creditors. The contract had been made for them and not for the benefit of the company, so there was no breach of the fiducial relation of a director.

Wherefore the judgment is affirmed.